**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| **RAMONA BROWN, Individually and On Behalf of All Others Similarly Situated,** | **Case No.: 8:20-cv-00305** |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 et seq.** |
| v. | |
| **DENEFITS, LLC,** | **[JURY TRIAL DEMANDED]** |
| Defendant. | |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

2. Defendant Denefits, LLC ("Defendant") is a finance company. To collect on debt owed to it, Defendant engages in debt collection through unwanted text messaging and phone calls, harming thousands of consumers in the process.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

5. Jurisdiction is also proper because there is a federal question as Plaintiff alleges violations of a federal law, the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.

6. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's

**CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

personal jurisdiction, and because Defendant resides within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of California.

## **PARTIES**

7.   Plaintiff is a natural person residing in the State of South Carolina.

8.   Upon information and belief, Defendant is a limited liability company located in the County of Orange, State of California, that is organized and exists under the laws of the State of California.

## **THE TCPA**

9.   The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

10.  The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

11.  In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

12.  The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and

invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

13. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

14. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc*., 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending him the ***text message***). (emphasis added).

15. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## FACTUAL ALLEGATIONS

16. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. In or around 2018, after seeing promotional materials and advertisements by Amnesty Health Group, LLC ("Amnesty") claiming to "reverse chronic disease" and making other health claims online and in seminars it holds at hotels, Plaintiff, who suffers from Type 2 diabetes, enrolled in Amnesty's diabetes reversal program.

18. Under an agreement between Amnesty and Denefits, LLC, Amnesty turned Plaintiff over to "finance" her payment of its approximately $4,000.00 program at an interest rate exceeding 18%

19. Upon information and belief, Defendant, has not filed a maximum rate schedule with the South Carolina Consumer Affairs allowing charges above 18%, and all such contracts made are unlawful.

20. At all times herein mentioned, Defendant attempted to finance and collect the debt owed to Amnesty from Plaintiff.

21. After beginning the "reversal" program Plaintiff learned that, contrary to Amnesty's representations, she would not be examined by a medical doctor, and that the program largely consisted of her being advised to take the supplements that Amnesty sold.

22. Plaintiff followed Amnesty's instructions for three months.

23. During these three months, Plaintiff's diabetes got worse.

24. After researching Amnesty's supplements more, Plaintiff learned that they were not proprietary and were available online for a fraction of the cost.

25. In or around October of 2018 with her health worsening, no meaningful medical supervision over her treatment, and feeling betrayed by those who Plaintiff had been encouraged to trust, Plaintiff advised Defendant she could not continue the program.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**CLASS ACTION COMPLAINT**

26. Defendant told Plaintiff that (despite her worsening health) she could not cancel her program and/or remained liable for payment.

27. Thereafter, Defendant dunned Plaintiff repeatedly for payment through telephone calls, voicemails, and texts.

28. In or around November of 2018, Plaintiff advised Defendant she disputed liability for payment, and requested that Defendant cease contacting her on her cellular phone or otherwise.

29. Plaintiff also repeatedly asked Defendant to see a bill, so she could at least determine if the products and services Defendant claimed she owed had been rendered.

30. She received no bill from Defendant (and to date, never has).

31. Instead, despite Plaintiff's revocation of consent to be called, from November of 2018, Defendant called and texted Plaintiff numerous times using an Automated Telephone Dialing System.

32. Plaintiff received texts from Defendant attempting to collect a debt from Plaintiff including but not limited to the following dates and times: February 14, 2019, February 26, 2019 at 1:36pm; February 27, 2019 at 12:19pm; February 28, 2019 at 1:25pm; March 12, 2019 at 1:38pm, March 27, 2019; April 8, 2019 at 6:44pm; July 9, 2019 at 6:36pm; July 24, 2019 at 5:35pm.

33. These text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

34. The telephone number that Defendant, or their agent texted was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming texts pursuant to 47 U.S.C. § 227 (b)(1).

35. These text messages constituted texts that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

CLASS ACTION COMPLAINT

36. The impersonal and uniform text messages led Plaintiff to believe they were sent using an ATDS.

37. Specifically, the text messages on February 14, 2019, March 12, 2019, and March 27, 2019 all had the same language as follows:

> Hi Ramona, This is another reminder towards the overdue payment on your account in the amount of $114.35. This pertains to you treatment financed with Amnesty Health Group. You are also liable to pay extra $25.00 as a late fee. We would appreciate your payment to clear the overdue account today.

38. When Plaintiff requested these calls to her stop in or around November 2018, Defendant refused, stating she would have to call Amnesty.

39. However, when Plaintiff contacted Amnesty, it attempted to refer her back to Defendant and told her it could not help her.

40. Defendant continued to text and call Plaintiff after Plaintiff told Defendant to stop calling and texting.

41. Specifically, Defendant responded to Plaintiff's request to stop calling and texting her with the following message:

> If you like to stop collection calls then please clear your outstanding due or Call practice and get the contract in your name cancelled, there is no other way around, until Due is cleared ot [sic] contract is cancelled Colletion [sic] efforts will continue

42. It is clear by Defendant's message to Plaintiff that Defendant intended on continuing calling and texting Plaintiff even after Plaintiff had revoked consent.

43. The text messages from Defendant originated from multiple telephone numbers including, but not limited to: 646-650-2729, 949-367-1018, 646-776-

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

CLASS ACTION COMPLAINT

1379, 480-939-3316, numbers which upon information and belief are owned and operated by Defendant.

44. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

45. Defendant's unsolicited text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he spent approximately ten minutes investigating the unwanted text messages including how they obtained his number and who the Defendant was.

46. Furthermore, Defendant's text messages took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited text messages like Defendant's poses a real risk of ultimately rendering the phone unusable for text messaging purposes as a result of the phone's memory being taken up. *See* https://www.consumer.ftc.gov/articles/0350-text-message-spam#text  (finding that text message solicitations like the ones sent by Defendant present a "triple threat" of identity theft, unwanted cell phone charges, and slower cell phone performance).

47. Defendant's text messages also can slow cell phone performance by taking up space on the recipient phone's memory. *See* https://www.consumer.ftc.gov/articles/0350-text-message-spam#text (finding that spam text messages can slow cell phone performance by taking up phone memory space).

48. As a direct and proximate result, nearly one year after being made sicker by Amnesty's treatment, one year after asking for a bill she has yet to receive, and requesting that calls and texts cease, Plaintiff continues to get calls, texts and e-mails multiple times each week from Defendant.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**CLASS ACTION COMPLAINT**

49. As of the date of this complaint, Plaintiff's blood sugars have yet to return to their pre "reversal treatment" levels, due at least in part to the extreme stress caused by Defendant's relentless attempts at collection has caused.

50. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has been damaged.

## **CLASS ALLEGATIONS**

51. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the three proposed classes (hereafter, jointly, "The Classes").

52. The class concerning the ATDS Call claim for no prior express telephone call consent (hereafter "The ATDS Call Class") is defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

53. The class concerning the ATDS Call claim for revocation of telephone call consent, to the extent prior consent existed (hereafter "The ATDS Call Revocation Class") is defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such calls prior to the calls within the four years prior to the filing of this Complaint.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**CLASS ACTION COMPLAINT**

54. The class concerning the ATDS Text claim for no prior express text message consent (hereafter "The ATDS Text Class") is defined as follows:

> All persons within the United States who received any unsolicited text messages from Defendant which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint.

55. The class concerning the ATDS Text claim for revocation of text message consent, to the extent prior consent existed (hereafter "The ATDS Text Revocation Class") is defined as follows:

> All persons within the United States who received any text messages from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such text messages prior to the text messages within the four years prior to the filing of this Complaint

56. Plaintiff represents, and is a member of, The ATDS Call Class, consisting of all persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

57. Plaintiff represents, and is a member of, The ATDS Call Revocation Class, consisting of all persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such calls prior to the calls within the four years prior to the filing of this Complaint.

**CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

58. Plaintiff represents, and is a member of, The ATDS Text Class, consisting of all persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

59. Plaintiff represents, and is a member of, The ATDS Text Revocation Class, consisting of all persons within the United States who received any text messages from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such text messages prior to the text messages within the four years prior to the filing of this Complaint.

60. Defendant, its employees and agents are excluded from The Classes.  Plaintiff does not know the number of members in The Classes, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

61. The Classes are so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

62. Plaintiff and members of The ATDS Call Class, The ATDS Call Revocation Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and ATDS Call Class and ATDS Call Revocation Class members via their cellular telephones thereby causing Plaintiff and ATDS Call Class and ATDS Call Revocation Class members to

**CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

incur certain charges or reduced telephone time for which Plaintiff and ATDS Call Class and ATDS Call Revocation Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and ATDS Call Class and ATDS Call Revocation Class members.

63. Plaintiff and members of the ATDS Text Class and ATDS Text Revocation Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and the ATDS Text Class and ATDS Text Revocation Class members via their cellular telephones by using text messages, thereby causing Plaintiff and the ATDS Text Class and ATDS Text Revocation Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the ATDS Text Class and ATDS Text Revocation Class members previously paid, and invading the privacy of said Plaintiff and the ATDS Text Class and ATDS Text Revocation Class members.  Plaintiff and the ATDS Text Class and ATDS Text Revocation Class members were damaged thereby.

64. Common questions of fact and law exist as to all members of The ATDS Call Class which predominate over any questions affecting only individual members of The ATDS Call Class.  These common legal and factual questions, which do not vary between ATDS Call Class members, and which may be determined without reference to the individual circumstances of any ATDS Call Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Call Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

b. Whether Plaintiff and the ATDS Call Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

65. As a person that received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Call Class.

66. Common questions of fact and law exist as to all members of The ATDS Call Revocation Class which predominate over any questions affecting only individual members of The ATDS Call Revocation Class. These common legal and factual questions, which do not vary between ATDS Call Revocation Class members, and which may be determined without reference to the individual circumstances of any ATDS Call Revocation Class members, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to an ATDS Call Revocation Class member, who had revoked any prior express consent to be called using an ATDS, using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b. Whether Plaintiff and the ATDS Call Revocation Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

67. As a person that received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, after Plaintiff had revoked any prior express consent, Plaintiff is asserting claims that are typical of The ATDS Call Revocation Class.

68. Common questions of fact and law exist as to all members of The ATDS Text Class which predominate over any questions affecting only individual members of The ATDS Text Class.   These common legal and factual questions, which do not vary between ATDS Text Class members, and which may be determined without reference to the individual circumstances of any ATDS Text Class members, include, but are not limited to, the following:

  a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any text messages to the ATDS Text Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a ATDS Text Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

  b. Whether Plaintiff and the ATDS Text Class members were damaged thereby, and the extent of damages for such violation; and

  c. Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

69. As a person that received at least one marketing and text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the ATDS Text Class.

70. Common questions of fact and law exist as to all members of The ATDS Text Revocation Class which predominate over any questions affecting only individual members of The ATDS Text Revocation Class.   These common legal and factual questions, which do not vary between ATDS Text Revocation Class members, and which may be determined without reference

**CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

to the individual circumstances of any ATDS Text Revocation Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant sent any text messages (other than a call made for emergency purposes or made with the prior express consent of the called party) to an ATDS Text Revocation Class member, who had revoked any prior express consent to be called using an ATDS, using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the ATDS Text Revocation Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

71. As a person that received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, after Plaintiff had revoked any prior express consent, Plaintiff is asserting claims that are typical of The ATDS Text Revocation Class.

72. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

73. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

74. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

75. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## COUNT I

### Negligent Violations of the TCPA, 47 U.S.C. § 227(b)

### (On Behalf of Plaintiff and the Classes)

76. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

77. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

78. Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined below.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**CLASS ACTION COMPLAINT**

79. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

80. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

81. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system. The violations were therefore willful or knowing.

82. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

## COUNT II

### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)

### (On Behalf of Plaintiff and the Classes)

83. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

84. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

85. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that its conduct was a violation of the TCPA.

86. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its autodialed calls,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

87. Furthermore, Defendant was aware that Plaintiff and the class revoked consent.

88. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a)      An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and counsel as Class Counsel;

b)      An award of actual and statutory damages;

c)      An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)      A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e)      An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes;

f)      An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, recipient's consent to receive calls made with such equipment; and

g)      Such further and other relief as the Court deems necessary.

///

///

///

**CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## <u>JURY DEMAND</u>

Plaintiff and Class Members hereby demand a trial by jury.

Dated: February 14, 2020          Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  _**/s/ Ryan L. McBride**_
             RYAN L. MCBRIDE, ESQ.
             *Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**CLASS ACTION COMPLAINT**